IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 7:95-cr-23 (HL) |
| | : | |
| HELEN R. ALEXANDER GRAY, | : | |
| | : | |
| Defendant | : | |

**ORDER**

This matter is before the Court on Defendant Helen Gray's motion for modification or reduction of sentence based on changes in the Sentencing Guidelines (Doc. 145). In moving for modification, Gray relies on Amendment 9, pertaining to offenses involving cocaine base, and Amendment 12, pertaining to certain history rules, as proposed to Congress by the United States Sentencing Commission. These Amendments became effective November 1, 2007, and are set forth as Amendments 706 and 709 in the United States Sentencing Commission Guidelines Manual, Supplement to Appendix C. However, the United States Sentencing Commission has not yet determined whether these Amendments should be applied retroactively to previously sentenced defendants.

Because Amendments 706 and 709 have not yet been made retroactive, the Court may not reduce Gray's sentence based on them. *See* United States v. Paris, No. 95-80225, 2007 WL 4201129, at *3 (E.D. Mich. Nov. 28, 2007) (discussing Amendment 706 and noting it is not listed among the amendments made retroactive but also noting that the Sentencing Commission is currently receiving public comment on whether to make Amendment 706

retroactive).  Defendant's motion for modification or reduction of Sentence (Doc. 145) is therefore denied without prejudice to Defendant's right to refile after the Sentencing Commission issues a decision on whether to make either of the relevant Amendments retroactive.

  **SO ORDERED this the 4th day of December, 2007.**

         *s/ Hugh Lawson*
         **HUGH LAWSON, JUDGE**

mls