IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | 7:95-CR-23(HL) |
| | : | |
| HELEN R. ALEXANDER GRAY | : | |
| | : | |
| Defendant | : | **ORDER** |

Defendant has filed a *pro se* motion for reduction of her sentence.

The Fair Sentencing Act of 2010 reduced the penalties applicable to crack cocaine offenses. On June 30, 2011, the United States Sentencing Commission voted to give retroactive effect to its proposed permanent amendment to the United States Sentencing Guidelines that implements the Fair Sentencing Act of 2010. Unless Congress acts to disapprove the amendment, retroactivity of the amendment becomes effective November 1, 2011. Until November 1, 2011, however, the retroactive application of the crack amendment is not yet effective and the Court is without authority to reduce Defendant's sentence.[1] (See U.S. Sentencing Commission News Release, June 30, 2011, http://www.ussc.gov/).

Assuming Congress does not vote to block the United States Sentencing Commission's decision, Defendant may, after November 1, 2011, file a motion for reduction of her sentence pursuant to 18 U.S.C. § 3582(c). If the amendment has the effect of reducing his guideline range, Defendant may be entitled to be resentenced. Until that date, however, Defendant is not entitled to relief.

---

[1]At any time before November 1, 2011, Congress could vote to block the United States Sentencing Commission's decision.

Therefore, Defendant's motion is **DENIED WITHOUT PREJUDICE** as premature.

**SO ORDERED**, this 21st day of October, 2011.


*s/ Hugh Lawson*
UNITED STATES DISTRICT JUDGE