IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HELEN R. ALEXANDER GRAY,<br><br>        Petitioner,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | **7 : 95-CR-23-001 (HL)**<br>28 U.S.C. § 2255 |

## RECOMMENDATION

Petitioner filed a Motion for Reduction of Sentence Pursuant to 3582(c) on February 7, 2012. (Doc. 172). On February 11, 2013, the court notified Petitioner that it intended to recharacterize the Motion for Reduction of Sentence as a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. (Doc. 175). Petitioner was given notice pursuant to *Castro v. U.S.*, 540 U.S. 375, 381-83 (2003), and was instructed to either notify the Court that she intended to assert only the claims alleged in her Motion for Reduction of Sentence, or to amend her Motion to assert additional claims, or to withdraw her Motion. (*Id.*). Petitioner filed an Amended Motion, attaching a completed § 2255 Motion to Vacate, on March 4, 2013. (Doc. 176). Petitioner's Motion to Vacate is now before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Petitioner was indicted in this Court on July 20, 1995, on charges of conspiracy with intent to distribute cocaine base, possession with intent to distribute cocaine base, use and carry of a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. *U.S. v. Gray*, Criminal Action No. 7: 95-CR-23-001 (HL). On April 19, 1996, a jury found Petitioner

guilty of conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, and possession of a firearm by a convicted felon. (Doc. 66). On October 8, 1996, Petitioner was sentenced to 240 months imprisonment, followed by 10 years of Supervised Release. Petitioner appealed her conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which affirmed the conviction on March 16, 1998. (Docs. 92, 103). On February 7, 2012, Petitioner filed the Motion for Reduction of Sentence, which has been recharacterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (*See* Docs. 172, 175, 176).

Petitioner asserts that her motion is timely because the court allowed her to amend her Motion for Reduction of Sentence, and because, through due diligence, she discovered constitutional violations at the time she submitted her Motion for Reduction of Sentence. (Doc. 176, p. 2).

Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final on June 15, 1998[1], ninety (90) days after the entry of judgment on March 16, 1998, when the time for seeking certiorari expired.[2]  "The [AEDPA] provides, *inter alia*, that a habeas petition may not be filed more than one year from 'the date on which the judgment becomes final'." *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002).

Petitioner's assertion that the statute of limitations did not begin to run until she discovered constitutional violations when filing her Motion for Reduction of Sentence is without merit. Subsection (4) of 28 U.S.C. § 2255(f) calculates the one year limitations period beginning on "the date on which the ***facts supporting the claim or claims presented*** could have been discovered through the exercise of due diligence" (emphasis added). Thus, "the beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." *Aron v. U.S.*, 291 F.3d 708, 711 (11th Cir. 2002).

Herein, Petitioner alleges claims of ineffective assistance of counsel during the trial and sentencing phases of her case. (Doc. 176-1). Petitioner is not relying on newly discovered facts, but on the assertion that, because of her due diligence when filing her Motion for Reduction of Sentence, Petitioner discovered constitutional violations that provide the basis for the calculation of timeliness. Petitioner has not alleged any facts that would show these claims were not discoverable at the time of her trial and sentencing, nor does she allege any newly discovered facts that support her claims. Petitioner has provided no evidence to show that she could not have timely pursued her claims of ineffective assistance of counsel. *See United States v. Seago*, 930

---

[1] The ninety (90) day time period expired on Sunday, June 14, 1998, giving Petitioner until June 15, 1998 to petition for a writ of certiorari.
[2] A defendant has ninety (90) days after the entry of judgment on direct appeal to seek certiorari. U.S.Sup.Ct. Rule 13. If the defendant does not seek certiorari, the one-year statute of limitations governing § 2255 motions begins to run ninety (90) days after judgment on direct appeal is entered. *Kaufmann*, 282 U.S. at 1338.

F.2d 482, 490 (6th Cir. 1991) ("A claim belatedly pursued is not newly discovered evidence.").

The Court also finds that Petitioner has not established a basis for equitable tolling of the statute of limitations period. A petitioner is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012).

The Court finds that Petitioner has failed to establish diligence on her part to secure federal habeas relief. The facts as alleged by Petitioner do not establish her diligence in attempting to obtain habeas relief, as they show that she did not research her possible claims until almost fourteen (14) years after her conviction became final. She should have known at trial and sentencing, which was almost fourteen (14) years before she filed her Motion for Reduction of Sentence, that her counsel failed to negotiate a plea, failed to effectively represent her during the trial, and failed to make objections to the PSR. (*See* Doc. 176-1). Petitioner appears not to have started researching her potential habeas claims until she filed her Motion for Reduction of Sentence. As such, Petitioner has not shown that she has been pursuing her rights diligently, or that an extraordinary circumstance prevented her from timely filing. *See Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise the 'extraordinary' circumstances required for equitable tolling"); *U.S. v. Tharp*, 2011 WL 2607166 (W.D. Va., June 30, 2011) (holding the petition's untimeliness was not excused when the petitioner failed to show that she attempted to research federal issues, that she asked officials for access to federal legal materials, or that any specific issue raised in her petition required legal materials).

While it is not clear, Petitioner appears to contend that her Petition is timely because she is

actually innocent.  (Doc. 176, p. 13).  The Eleventh Circuit has "not decided whether a showing of actual innocence creates an exception to the AEDPA's statute of limitations[.]"  *Milton v. Secretary, Dep't of Corrections*, 347 Fed. Appx. 528, 530 (11th Cir. 2009).  "[A]n AEDPA-time-barred petitioner must make a threshold showing of actual innocence before we will tackle whether the Suspension Clause requires an exception to the AEDPA's one-year filing window."  *Rozzelle v. Secretary, Florida Dep't. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *see also Wyzykowski v. Dep't. of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "[L]ike the actual innocence exception for procedural default, the alleged exception for AEDPA untimeliness would require the petitioner (1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence."  *Rozzelle*, 672 F.3d at 1011 (internal citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

     Herein, Petitioner appears to contend that, because she has diligently pursued her rights over the years and due to her lack of understanding of the law, she is actually innocent.  Petitioner has provided no new evidence to show that she is actually innocent.  To the extent that Petitioner has attempted to allege actual innocence to overcome her untimeliness, the Court finds that Petitioner has not made a sufficient showing of actual innocence.  As Petitioner has not shown actual innocence, the Court declines to make a determination regarding an "actual innocence" exception to the AEDPA's one-year filing window.  *See Rozzelle*, 672 F.3d at 1012 ("we do not reach the Suspension Clause question because (1) [the petitioner] fails to state a cognizable 'actual innocence' claim, and (2) alternatively, [the petitioner] has not made a sufficient evidentiary showing of actual innocence"); *Milton v. Secretary, Dep't of Corrections*, 347 Fed. Appx. at 532 (dismissing the petition where the petitioner did not make a threshold showing of actual

innocence).

Petitioner also asserts that her Motion to Vacate is not untimely because the Court recharacterized Petitioner's Motion for Sentence Reduction as a Motion to Vacate. (Docs. 176, 176-1). A court's recharacterization of a motion does not trigger a new starting date for a petitioner's statute of limitations. *Outler v. United States*, 485 F.3d 1273, 1279 (11th Cir. 2007). Further, the Court did not recharacterize Petitioner's Motion until February 11, 2013, years after the statute of limitations period ran. Therefore, the Court's recharacterization of Petitioner's Motion does not result in Petitioner's Motion being timely filed.

As this § 2255 Motion is untimely filed and Petitioner has not established her entitlement to equitable tolling, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, she may include therein any arguments she wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 21st day of March, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE
